IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. **'17 - CV - 02161**
(To be supplied by the court)

FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO
2017 SEP -7 PM 4: 50
JEFFREY P. COLWELL
CLERK
BY_____DEP. CLK

ROBI, BEKELE, HAILU
_____, Plaintiff,

v.

THE MICROSOFT CORPORATION_____,

_____,

_____,

_____,

_____,

_____,

_____,

_____, Defendant(s).

(List each named defendant on a separate line.)

## COMPLAINT

### PARTIES

1. Plaintiff  ROBI, BEKELE, HAILU  is a citizen of  DENVER, COLORADO
who presently resides at the following address:
P.O. BOX 40104 – DENVER, CO – 80204

(Rev. 07/06)

2. Defendant <u>THE MICROSOFT CORPORATION</u> is a citizen of <u>REDMOND, WASHINGTON</u>
who live(s) at or is/are located at the following address:
<u>1 MICROSOFT WAY – REDMOND, WA – 98052</u>

3. Defendant _____ is a citizen of _____
who live(s) at or is/are located at the following address:
_____

(Attach a separate page, if necessary, to list additional parties.)

# JURISDICTION

4. Jurisdiction is asserted pursuant to following statutory authorities:

   a.) This District Court has jurisdiction over this matter pursuant to §13-6-104(1), C.R.S. based on the value of the personal property claimed being $559,234,091,834.00.

   b.) 28 U.S.C. §1331—Federal question; the district courts shall have original jurisdiction of all civil actions arising Under the Constitution, laws, or treaties of the United States.

   c.) 28 U.S.C. §1332—Diversity of citizenship; amount in controversy; cost, **(a)** The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000,… exclusive of interest and costs, and is between **(1)** citizens of different States; **(c)** For the purposes of this section and section 1441 of this title— **(1)** a corporation shall be deemed to be a citizen of any State where it has been incorporated and of the State where it has its principal place of business, except that in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen, as well as of any State by which the insurer has been incorporated and of the State where it has its principal place of business; and **(2)** the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent, and the legal representative of an infant or incompetent shall be deemed to be a citizen only of the same State as the infant of incompetent.

   d.) The statutory basis pursuant to **28 U.S.C. §1331—Federal question**; The district courts shall have original jurisdiction of all civil actions arising Under the Constitution, laws, or treaties of the United States.

(Rev. 07/06)

5. Briefly state the background of your case:

I 'am entitled to possession of Microsoft given Patent Law - § 3:9 Activity 35 U.S.C.A. § 271(a)—Literal infringement—Design patent claims. The Patentable Subject Matter, Trade Dress Protection, Utility, and Design Patents – Functionality and Obviousness of the original Microsoft Windows program is based off of an .jpg (image file type). Attached to a .doc (document file type). Patent Law - § *4:2 35 U.S.C.A. § 101—Patentable Subject Matter* here states that as long as the subject matter is not an abstract idea, or used for drafting purposes. And actually discovered by the plaintiff as that of an ornamental variety; Patent Law - § *4:33 Design Patents—Functionality and obviousness.* The subject matter is only patentable by the plaintiff (*HIT: .jpg(s) attached to an UNIFORM RESOURCE LOCATOR (URL)*). Microsoft is here literally conducting infringement of Patent Law - §11:10 Design patents.

*H.R. 3163: Trade Dress Protection Act* also protects my expression by distinguishing my product and its services in the technology market place. Through use of my copyright ownership protection that protect(s) my creative expression as a software programmer and/or software designer. Patent Law— § *4:3 35 U.S.C.A. § 101—Utility* also grants me the exclusive rights as to control how my work is to be used in the market place. Given the distinctive ornamental features associated with hits (.jpg(s) attached to URL(s)).

The patentable subject matter belongs to the plaintiff. And through this protection the plaintiff has patent protection that is the subject of a matter of a utility. That is specific, substantial, and credible; as an invention; Patent Law— § *4:3 35 U.S.C.A. § 101—Utility.* Capable of affecting Microsoft(s) business ventures; object proposed. Furthermore Patent Law— § *4:33 Design Patents—Functionality and obviousness* when ran in concurrence with *H.R. 3163: Trade Dress Protection Act.* Is supported by Patent Law— § *4:2 35 U.S.C.A. § 101— Patentable Subject Matter.* Given the plaintiffs discovery of a useful process, machine, with useful improvement protected by trademark, & trade dress.

An event created by the plaintiff(s) discovery; marketing, advertising, & civil suit. That contains a continuing and inherent distinctiveness than that of Microsoft Window(s). And protected by an acquiring and/or acquired product design. Which does have a distinctiveness capable of impacting the sales and advertising capabilities of The Microsoft Corporation. Microsoft(s) possession occurred through the plaintiff's marketing, advertising, and civil suit: *de novo (14—CV—2117—LTB, THE UNITED STATES DISTRICT COURT).*

In conclusion Patent Law - § *7:4 Injuctive Relief—Permanent or ongoing Royalty in Lieu of Injunction* provides a remedy. Due to the irreparable injury done by the defendant(s) to the plaintiff: damage. That affected the plaintiff's invention, and business venture(s). Concludes that damage conducted by the defendant makes monetary damages inadequate; equity warrant.

# FIRST CLAIM FOR RELIEF
# AND SUPPORTING FACTUAL ALLEGATIONS
(Please number your paragraphs and attach any necessary additional pages.)

1.) **Patent Law - § 3:9 Activity 35 U.S.C.A. § 271 (a)—Literal infringement— Design patent claim**

A design patent protects the nonfunctional aspects of an ornamental design as seen as a whole and as shown in the patent. [1] An aspect is functional if it is essential to the use or purpose of the article or if it affects the cost or quality of the article. [2] Infringement of a design patent is based on the design as a whole, not on any point of novelty. [3] In conducting an infringement analysis, the patented design is viewed in its entirety, as it is claimed. [4] The criterion is if, in the eye of the ordinary observer, giving such attention as a purchaser usually gives, two designs are substantially the same, if the resemblance is such as to deceive such an observer, inducing him to purchase one supposing it to be the other, the first one patented is infringed by the other. [5] The ordinary observer test similarly applies in cases where the patented design

2.) Given the long lasting affects upon the consumer(s). As well as the American Exchange. *Patent Law— § 4:3 35 U.S.C.A. § 101—Utility, Patent Law— § 4:33 Design Patents—Functionality and obviousness, H.R. 3163: Trade Dress Protection Act, & Patent Law— § 4:2 35 U.S.C.A. § 101—Patentable Subject Matter.* Grant(s) the plaintiff exclusive rights to how the work is to be used in the market place. With all regards herein stated as the basis of hardship between the plaintiff and the defendant. Granting equitable equity as warranted. Given the hardship between the plaintiff and the defendant.

3.) A complete list and valuation of the personal property claimed is attached to this Complaint and marked as "Exhibit A".

4.) Plaintiff is the owner of the property claimed or is entitled to possession of the property because of the means by which the defendant came into possession of the property.

Copies are attached and marked as "Exhibit B".

# SECOND CLAIM FOR RELIEF
# AND SUPPORTING FACTUAL ALLEGATIONS
(Please number your paragraphs and attach any necessary additional pages.)

2.)

### Patent Law - § 4:2 35 U.S.C.A. § 101—Patentable subject matter

Title 35 of the U.S. Code, Section 101, provides:

Whoever invents or discovers any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof, may obtain a patent therefor, subject to the conditions and requirements of this title.

The AIA (American Invention Act) amendments did not change the language of 35 U.S.C. § 101.

To receive patent protection, the invention must qualify as appropriate subject matter, which can include a rather broad range of invention.[1] Whether an invention constitutes patentable subject matter is a matter of statutory construction, which the *Federal Circuit* reviews *de novo*.[2]

The laws of nature, physical phenomena, and abstract ideas have been held not patentable.[3] While a process may be patentable if (1) it is tied to a particular machine or apparatus, or (2) it transforms a particular article into a different state or thing, there is no exclusive test for determining patentability under § 101.[4] A § 100 patentability analysis is directed to the claim as a whole, not individual limitations.[5]

Simply adding a computer aided limitation to a claim covering an abstract concept, without more, is insufficient to render the claim patent eligible.[6] To salvage an otherwise patent-ineligible process, a computer must be integral to the claimed invention, facilitation the process in a way that a person making calculation or computations could not.[7] Implementation of an abstract idea on the Internet is not sufficient to provide any practical assurance that the process is more than a drafting effort designed to monopolize the abstract idea itself.[8]

# THIRD CLAIM FOR RELIEF
# AND SUPPORTING FACTUAL ALLEGATIONS
(Please number your paragraphs and attach any necessary additional pages.)

3.)

**Patent Law— §4:3 35 35 U.S.C.A. § 101—Utlity**

Title 35 of the U.S. Code, Section 101, provides:

Whoever invents or discovers any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvements thereof, may obtain a patent therefor, subject to the conditions and requirements of this title.

The AIA (American Invention Act) amendments did not change the language of 35 U.S.C. § 101.

To receive patent protection, the invention must have utility that is specific, substantial, and credible.[1] The invention must be capable of being used to effect the object proposed.[2] Whether an invention claimed in a patent lacks utility is a question of fact, which the *Federal Circuit* reviews for clear error.[2]

# FOURTH CLAIM FOR RELIEF
# AND SUPPORTING FACTUAL ALLEGATIONS

**4.)**

### Patent Law— §4:33 Design patents—Functionality and Obviousness

Title 35 of the U.S Code, Section 171, provides:

Whoever invents any new, original and ornamental design for an article of manufacture may obtain a patent therefor, subject to the conditions and requirements of this title.

The provisions of this title relating to patents for inventions shall apply to patents for designs, except as otherwise provided.

The AIA (American Invention Act) amendments did not change the language of 35 U.S.C. §171.

A design patent is directed to the appearance of an article of manufacturing.[1] If the patented design is primarily functional rather than ornamental, the patent is invalid.[2] The design of a useful article is deemed to be functional when the appearance of the claimed design is dictated by the use or purpose of the article.[3]

The determination of whether the patented design is dictated by the function of the article of manufacture must ultimately rest on an analysis of its overall appearance.[4] The list of considerations for assessing whether the patented design as a whole, ie., its overall appearance, is dictated by functional considerations, includes: whether the protected design represents the best design; whether alternative designs would adversely affect the utility of the specified article; whether there are any concomitant utility patents; whether the advertising touts particular features of the design as having specified utility; and whether there are any elements in the design or an overall appearance clearly not dictated by functions.[5]

In particular, the presence of alternative designs may or may not assist in determining whether the challenged design can overcome a functionality challenge. Consideration of alternative designs, if present, is a useful tool that may allow a court to conclude that a challenged design is not invalid for functionality[6] When there are several ways to achieve the function of an article of manufacture, the design of the article is more likely to serve a primarily ornamental purpose.[7]

A full inquiry with respect to alleged alternative designs includes a determination as to whether the alleged alternative designs would adversely affect the utility of the specified article, such that they are not truly alternatives.[8] Although the relevant inquiry with respect to a design patent is the overall appearance of the design, the Federal Circuit invariably also considers whether the elements of the design are themselves dictated by the purpose or use of the article of manufacture.[9] Whether a patented design is functional or ornamental is a question of fact.

In addressing a claim of obviousness in a design patent, "the ultimate inquiry... is whether the claimed design would have been obvious to a designer of ordinary skill who designs articles of the type involved." To determine whether "one of ordinary skill would have combined teachings of the prior art to create the same overall visual appearance as the claimed design," the finder of fact must employ a two-step process. First, "one must find a single reference, 'a something in existence, the design characteristics of which are basically the same as the claimed design.'" Second, "other references may be used to modify the primary reference if they are 'so related to the primary reference that the appearance of certain ornamental features in one would suggest the application of those features to the other.'"[10]

# FIFTH CLAIM FOR RELIEF
# AND SUPPORTING FACTUAL ALLEGATIONS

5.)

### Patent Law— §7:4 Injunctive relief—Permanent or Ongoing Royalty in Lieu of Injunction

Title 35 of the U.S. Code, Section 283, provides:

> The several courts having jurisdiction of cases under this title may grant injunctions in accordance with the principles of equity to prevent the violations of any right secured by patent, on such terms as the court deems reasonable.

The application test for determining whether to grant or deny a permanent injunction in a patent infringement action focuses on whether the plaintiff has demonstrated: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.[1] Moreover, the decision to grant or deny permanent injunctive relief is an act of equitable discretion by the district court, reviewable on appeal for abuse of discretion.[2] The Federal Circuit may find abuse of discretion on a showing that the district court made a clear error of judgment in weighing relevant factors or exercised its discretion based upon an error of law or clearly erroneous factual findings.[3] To the extent the district court's decision is based upon an issue of law, the Federal Circuit reviews that issue de nuvo.[4]

The essential attribute of a patent grant is that it provides a right to exclude competitors from infringing the patent. In view of the right, infringement may cause a patentee irreparable harm not remediable by a reasonable royalty. Even though a successful patent infringement plaintiff can no longer rely on presumptions or other shortcuts to support a request for a permanent injunction, it does not follow that courts should entirely ignore the fundamental nature of patents as property rights granting the owner the right to exclude. Although the Supreme Court disapproved of the Federal Circuit's absolute reliance on the patentee's right to exclude as a basis for its prior rule favoring injunctions, that does not mean that he nature of patent rights has no place in the appropriate equitable analysis. While the patentee's right to exclude alone cannot justify an injunction, it should not be ignored either.[5]

## SIXTH CLAIM FOR RELIEF
## AND SUPPORTING FACTUAL ALLEGATIONS

6.)

**Patent Law— §11:10 Design patents.**

Title 35 of the U.S. Code, Section 171, provides:

Whoever invents ant new, original and ornamental design for an article of manufacture may obtain a patent therefor, subject to the conditions and requirements of this title. The provisions of this title relating to patents for inventions shall apply to patents for designs, except as otherwise provided.

The statutory provision governing the effective filing date of the subject matter of continuing applications, 35 U.S.C. §120, applies generally to design patents as well as utility patents.[1] To be entitled to parent's effective filing date, a continuation must comply with the written description requirement of U.S.C. § 112, ¶ 1. The test for sufficiency of the written description, which is the same for either a design or a utility patent, has been expresses as whether the disclosure of the application relied upon reasonably conveys to those skilled in the are that the inventor had possession of the claimed subject matter as of the filing date. In the context of design patents, the drawings provide the written description of the invention. Thus, when an issue of priority arises under § 120 in the context of design patent prosecution, one looks to the drawings of the earlier application for disclosure of the subject matter claimed in the later application.

A design patentee may, under certain circumstances, introduce via amendment a straight broken line without adding new matter, even where no corresponding boundary line is shown in a design application as originally filed. Parties refer to these broken-line boundaries as unclaimed boundary lines because the lines are not intended to form part of the claimed design and do not exist in reality in the article embodying the design. Rather, when an unclaimed boundary line is introduced via amendment or continuation, it is understood that the claimed design extends to the unclaimed boundary but does not include the unclaimed boundary.

In other words, when an unclaimed boundary line divides a previously claimed area, it indicates that he applicant has disclaimed the portion beyond the boundary while claiming the area within it. Where permissible, unclaimed boundary lines allow the patentee to adjust his patent coverage and encompass embodiments that differ slightly but insignificantly from the originally-filed design. However, like all amendments made during prosecution, these lines must comply the written description requirement to receive the benefit of priority under § 120.

The written description question does not turn upon what has been disclaimed, but instead upon whether the original disclosure clearly allows persons of ordinary skill in the art to recognize that the inventor invented what is claimed.

## REQUEST FOR RELIEF

Plaintiff requests the following relief:

That the Court issue an Order to Show Cause directed to the Defendant(s) to show cause why the property listed in the Complaint should not be taken from the Defendant(s) and delivered to the Plaintiff(s);

That the Court set a Show Cause Hearing within 14 days as required by CRCP Rule 104(c) or CRCCP 404(c), to make a preliminary determination concerning the right to possession of all property described in the Complaint;

That the Court enter judgment for the Plaintiff(s) for the possession of the property listed in the Complaint or for the value thereof, in case delivery cannot be made, plus damages for detention and for any property not returned or returned in damaged condition; and

That the Court award the Plaintiff(s) court costs, attorney fees (if any), plus such other relief as is just and proper.

That the Court review de novo The Unite States District Court – District Colorado CASE #: *14-CV-2117-LTB. Regarding this matter.*

Date: Sep 7, 2017

(Plaintiff's Original Signature)

P.O. Box 40204
(Street Address)

Denver, Co - 80204
(City, State, ZIP)

(Rev. 07/06)

720·982·7507
(Telephone Number)

## EXHIBIT A

| Property Seized | Value |
|---|---|
| Total Current Assets – (4th Quarter/2017) - | $159,851,000.00 |
| Total Assets – (4th Quarter/2017) | $241,086,000.00 |
| Total Liabilities – (4th Quarter/2017) | $168,692,000.00 |
| Total Equity – (4th Quarter/2017) | $ 72,394,000.00 |
| TOTAL (4th Quarter/2017) - http://www.nasdaq.com/symbol/msft/financials?query=balance-sheet | $642,023,000.00 |

(Rev. 07/06)

# **EXHIBIT B**

| Property Seized | Value |
|---|---|
| Market Capitalization | $559,876,114,834.00 |
| **Exhibit A** - Property Seized - TOTAL (4th Quarter/2017) | $642,023,000.00 |
| TOTAL (- Exhibit A) - http://www.nasdaq.com/symbol/msft | $559,234,091,834.00 |

(Rev. 07/06)